OPINION
This is an appeal by Curtis Lewis James from the decision of the Hardin County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09.
On December 15, 1994, a jury found defendant guilty of three counts of rape, with force or threat of force on one count, and one count of corruption of a minor. On that same day, the trial court found defendant guilty of three specifications for prior offenses and sentenced defendant as well. While serving his prison sentence, a sexual predator determination hearing was held. The trial court determined on July 30, 1999 that defendant was a sexual predator.
Defendant now appeals and raises six assignments of error. For his first assignment of error, defendant asserts:
 The trial court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding Mr. James to be a sexual predator.
Because the Ohio Supreme Court has held that the registration and notification provisions of R.C. Chapter 2950, Ohio's new sexual predator law, do not violate the Ex Post Facto Clause of the United States Constitution, we find the defendant's assignment of error is without merit and is overruled. State v. Cook (1998),83 Ohio St.3d 404, 423.
For his second assignment of error, defendant asserts:
 The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, in finding Mr. James to be a sexual predator.
Defendant argues that R.C. 2950.09 violates the constitutional prohibitions against cruel and unusual punishment. However, in Cook, supra, the Ohio Supreme held that the provisions of R.C. Chapter 2950 are not punitive, but instead, are remedial measures designed to protect the public. Thus, the protections against cruel and unusual punishments are not implicated. SeeState v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported; State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported. Defendant's second assignment of error is overruled.
For his third assignment of error, defendant asserts:
 The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, in finding Mr. James to be a sexual predator.
Defendant argues that the sexual predator statute subjects him to double jeopardy or two punishments for the same offense. Because the statute is not punitive in nature, this assignment of error is also overruled upon the authority of Cook, supra. SeeState v. Lawson, supra; State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported; State v. Naegele
(Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, affirmed, 84 Ohio St.3d 19. Defendant's third assignment of error is overruled.
For his fourth assignment of error, defendant asserts:
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I
of the Ohio Constitution.
Defendant challenges the sexual predator statute on the basis that it is unconstitutionally vague. In State v. Avery (1998),126 Ohio App.3d 36, this court has previously held that R.C. Chapter 2950.09(B) is not unconstitutionally vague. Accordingly, for the reasons stated in Avery, defendant's fourth assignment of error is overruled.
For his fifth assignment of error, defendant asserts:
 The trial court erred, in violation of Section 1, Article I of the Ohio Constitution, in finding Mr. James to be a sexual predator, because Ohio's Sexual Predator Law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
Defendant contends that R.C. Chapter 2950 violates the Ohio Constitution because it is an invalid use of the State's police powers in that it is oppressive upon individuals and is an infringement upon an individual's rights as protected by the Ohio Constitution. Defendant cites State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, in support of this argument. As indicated in a recent case of this court, we chose not to adopt the reasoning enunciated in that case. In State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, we upheld the constitutionality of R.C. Chapter 2950 by concluding that it constitutes a valid exercise of the State's police power and is not an unreasonable or arbitrary infringement upon an offender's privacy rights, nor is it unduly oppressive. See, also, State v.Fisher (Sept. 2, 1999), Allen App. Nos. 1-99-23, 1-99-24, unreported. Further, in State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, this court found the Supreme Court of Ohio's discussion of the constitutional considerations in Cook,supra, to be highly persuasive that R.C. Chapter 2950 is constitutional in its entirety. State v. Kinkle (Oct. 28, 1999), Allen App. No. 1-99-55, unreported. Pursuant to the foregoing authority, we therefore overrule defendant's fifth assignment of error.
For his last assignment of error, defendant asserts:
 Mr. James was denied the effective assistance of counsel, a right secured by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution, when counsel failed to raise issues that would have changed the outcome of the sexual predator proceedings, had the lower court applied the appropriate standards.
Defendant argues that defense counsel was ineffective in failing to raise the constitutional issues he has presented to this court for review. As we have concluded in our discussions of defendant's assignments of error, defendant has presented no meritorious arguments. As a result, counsel cannot be deemed ineffective for failing to raise these issues. Defendant's sixth assignment of error is overruled.
Having overruled all six of defendant's assignments of error, the judgment of the Hardin County Court of Common Pleas Court adjudicating defendant a sexual predator is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.